In the Matter of the Claim of JEANNETTE WILLIAMS, Respondent, against PITTSBURGH PLATE GLASS CO., Appellant. STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 15, 1944.

*Jeremiah F. Connor,* attorney for appellant.

*Nathaniel L. Goldstein, Attorney-General (Roy Wiedersum* and *Frederic J. Wood, Assistant Attorneys-General,* of counsel), for State Industrial Board, respondent.

*George H. Fox,* attorney for claimant-respondent.

FOSTER, J. This is an appeal by the Pittsburgh Plate Glass Co., employer and self-insurer, from an award made by the State Industrial Board for funeral expenses, and continuing the case for further consideration.

The deceased employee was a glass cutter. On February 24, 1943, he was struck in the head by a wooden wedge which had been thrown by another employee. The blow evidently was a severe one and rendered him unconscious, or nearly so. He was examined almost immediately by the company physician who found a small contusion and abrasion on the left side of the skull. Decedent complained of dizziness and pain in the head and was taken to the Brooklyn State Hospital for examination and treatment. The possibility of a fractured skull was suggested, but the X rays taken at the hospital revealed no fracture. Five or six days after his admission to the hospital he began to complain of severe abdominal pains and vomiting. Eventually a diagnosis was made of peritonitis, and from this he died on March 8, 1943. An autopsy was performed and the cause of death was determined as acute suppurative peritonitis, but the cause of this condition was undetermined.

The attending physician, who was also the company doctor, was the only medical witness sworn on the hearing. He testified that he did not know the cause of the peritonitis, and also that the autopsy showed no portal of entry for the streptococcus infection. Peritonitis is caused by acute inflammation due to a type of bacteria known as streptococci. The doctor's testimony indicates that such bacteria act fairly fast once they get into the peritoneal cavity. In this case the decedent had no temperature, or any indication of a bacterial infection until about the fifth day after his admission to the hospital when he was then taken with severe abdominal pains. And by that time the slight abrasion to the left side of his head had completely healed.

The attending physician stated quite clearly that he could not conceive any direct cause between the blow on the head and the development of peritonitis, but he did say that if it were assumed that the decedent had some bacteria in his blood stream or in the abdomen, that the blow on the head might have lowered his resistance. Finally he said that there was a possibility of this condition's being an indirect cause.

The award was made on the theory of sequence of events, as indicated by the memorandum decision by a member of the Industrial Board. This memorandum cited a part of the opinion in *Matter of Green* v. *Geiger* (253 App. Div. 469) in

these words: "It is apparent that the physician could not * * * testify with certainty. The law does not require proof of such positiveness. It is sufficient if from the facts a reasonable inference arises".

The case at hand presents no persuasive analogy. In this case the physician not only could not testify with certainty as to the blow's being a cause, but quite to the contrary his opinion was the other way. After persistent prodding he admitted a possibility of indirect cause, but this was not his opinion, as the whole text of his testimony indicates. In the light of this failure of medical testimony we fail to see how the sequence of events, as interpreted by a lay member of the Board, furnishes any proof of causal relation, especially in view of the fact that five days elapsed between the blow and the development of the acute peritonitis.

The presumptions created under section 21 of the Workmen's Compensation Law are not sufficient to sustain the award, for in this case the opinion of the physician of noncausal relation is opposed merely by his statement that there might be a possibility of indirect cause.

The award should be reversed and the matter remitted to the Industrial Board for further consideration.

HILL, P. J., and BREWSTER, J., concur; BLISS and HEFFERNAN, JJ., dissent and vote to affirm with the following memorandum: This was a question of fact and the close concatenation of events warrants the inference of causal relation.

Award reversed and matter remitted to the Industrial Board for further consideration.